[No. 46271.   En Banc.   December 31, 1980.]

THE STATE OF WASHINGTON, *Respondent,* v. ANDREW
J. ALEXIS, *Petitioner.*

*Timothy K. Ford,* for petitioner.

*Grant S. Meiner, Prosecuting Attorney,* and *Kenneth L. Cowsert, Deputy,* for respondent.

HICKS, J.—Washington Rule of Evidence (ER) 609 became effective April 2, 1979, 91 Wn.2d 1117, 1149 (1978), and reads in part:

(a) **General Rule.** For the purpose of attacking the credibility of a witness, evidence that he has been con-

victed of a crime shall be admitted if elicited from him or established by public record during cross–examination but only if the crime (1) was punishable by death or imprisonment in excess of 1 year under the law under which he was convicted, and the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the defendant, or (2) involved dishonesty or false statement, regardless of the punishment.

Here, the issue is whether under the above rule defendant's 1975 second degree rape conviction is admissible in evidence for the purpose of attacking his credibility as a witness in the event he testifies in his retrial for first degree rape. We hold the admissibility to be within the trial court's sound discretion as circumscribed by ER 609.

The facts are not in dispute. Defendant, Andrew J. Alexis, was convicted of second degree rape on September 29, 1975. In May of 1977, he, together with another, was convicted of first degree rape. The Court of Appeals, Division Two, reversed that conviction. The court found that the representation of both defendants by one attorney deprived Alexis of the effective assistance of counsel. Details are set forth with greater particularity in *State v. Alexis,* 21 Wn. App. 161, 584 P.2d 963 (1978).

In its opinion, the appellate court noted that Alexis did not testify during the 1977 trial. His failure to testify apparently was motivated by fear of the prejudice to him which would follow if his 1975 rape conviction was admitted for impeachment purposes. Since it disposed of the case on the effective counsel issue, the Court of Appeals did not discuss the admissibility of Alexis' 1975 rape conviction.

When the Judicial Council submitted its proposed ER 609 to this court for approval, it accompanied the rule with this comment:

This rule is substantially the same as Federal Rule 609 and is more restrictive than previous Washington law.

Two Washington statutes provide that the credibility of a witness may be attacked by evidence that the witness had been previously convicted of a crime. RCW

5.60.040; 10.52.030 . . . Rule 609 offers a balance between the right of the accused to testify freely in his own behalf and the desirability of allowing the State to attack the credibility of the accused who chooses to testify. The two statutes . . . are superseded.

Prior to ER 609, the trial courts of this state were required to admit evidence of a witness' prior conviction. Now, however, the court has limited discretion. Under ER 609(a)(2), only evidence of convictions for crimes involving dishonesty or false statements must be admitted when offered. Convictions of other crimes may be admitted under ER 609(a)(1) in the trial court's discretion, but only after balancing the probative value of the prior conviction as it relates to the credibility of the witness against the potential prejudice to the defendant.

Normally, evidence of conviction of "other crimes" should be admitted only if the trial court is satisfied the need to submit the issue of the credibility of a particular witness to the jury outweighs the possible prejudice to defendant. Such a determination, of course, becomes more difficult when the witness is a defendant.

Here, in a pretrial hearing, the trial court in effect determined that should Alexis elect to testify at his retrial, evidence of his 1975 second degree rape conviction would be admitted as being more probative of his credibility than it would be prejudicial to him. In support of its decision, the court prepared what it entitled "Court's Memorandum Opinion Supplementing Oral Ruling Denying Motion of Criminal Defendant". Therein, the court philosophized:

> The male rapist rejects the thought that his desires should not be met with a receptive attitude by his chosen female and puts that lack of reception out of his mind by deluding himself into believing that the woman really desires him sexually but refuses him for no valid reason. This self–deception or self–lie leads to the commission of these acts which the man tends to convince himself he did not commit because she really wanted him all the time.
>
> . . .

The Court further feels that the rapist is one step up from the child molester in the opinion of his fellow men. This is another reason to lie to himself as well as a jury.

While the prejudicial effect of the admission may be great, this Court feels that the evidence of a prior crime of this nature is directly related to the credibility of an accused rapist.

From the last paragraph above, it would appear that the trial court has fashioned a per se rule for defendants previously convicted of rape who elect to testify in their current trial. Whether that rule would apply to one charged with a crime other than rape is not clear.

The court's basis for its rule in this case then is that anyone who commits rape would lie about that fact to himself and therefore to the jury. The trial court's conclusion here is that as the previous conviction was for rape, the balance between the probative value of admitting evidence of the conviction to assist in assessing credibility as opposed to its exclusion because of potential prejudice to the defendant, tilts toward admissibility. And, this is so in this case *because* the crime presently charged is for rape; the same kind of crime for which he was previously convicted and which is now to be admitted for impeachment.

Long ago this court recognized the prejudicial effect to a defendant of bringing evidence of his previous convictions before the jury. *See State ex rel. Edelstein v. Huneke,* 140 Wash. 385, 249 P. 784, 250 P. 469 (1926); *State v. Kirkpatrick,* 181 Wash. 313, 43 P.2d 44 (1935). We said in *State v. Nass,* 76 Wn.2d 368, 371, 456 P.2d 347 (1969):

> It is obvious that evidence of former convictions is so prejudicial in its nature that its tendency to unduly influence the jury in its deliberations regarding the substantive offense outweighs any legitimate probative value it might have in establishing the probability that the defendant committed the crime charged.

The same prejudicial effect exists when the admission of evidence of a conviction is for the purported purpose of helping the jury assess defendant's credibility as a witness.

█ In exercising its discretion through the balancing

procedure prescribed by ER 609, the trial court, of course, should have in mind that the only purpose of impeaching evidence is to aid the jury in evaluating a witness' credibility, including a defendant when he elects to take the witness stand. Its purpose is not to persuade the jury in a substantive manner.

It seems to us, a major factor to be considered in the balancing procedure is a comparison of the importance that the jury hear the defendant's account of events with the importance that it know of his prior conviction. *Luck v. United States,* 348 F.2d 763 (D.C. Cir. 1965); *Brown v. United States,* 370 F.2d 242 (D.C. Cir. 1966). In this case for example, unless the defendant testifies it is highly unlikely that his version of the matter will get before the jury. Thus, while we believe it important that Alexis testify, we also believe it equally important that the jury be fully able to evaluate his credibility as a witness.

Some other factors that may be considered in weighing probative value of credibility against potential prejudice include: (1) the length of the defendant's criminal record; (2) remoteness of the prior conviction; (3) nature of the prior crime; (4) the age and circumstances of the defendant; (5) centrality of the credibility issue; and (6) the impeachment value of the prior crime. *See United States v. Hayes,* 553 F.2d 824 (2d Cir.), *cert. denied,* 434 U.S. 867, 54 L. Ed. 2d 143, 98 S. Ct. 204 (1977); *United States v. Mahone,* 537 F.2d 922 (7th Cir.), *cert. denied,* 429 U.S. 1025, 50 L. Ed. 2d 627, 97 S. Ct. 646 (1976); 3 J. Weinstein & M. Berger, *Evidence* ¶ 609[03a], at 609–72 (1978). In each case, the balancing procedure should be followed. There is no place for a per se rule.

Here, the trial court is in a better position than it ordinarily would be to do an ER 609 balancing procedure. The entire previous trial record is available to the court. That record should be replete with material which may be used to test defendant's credibility if he elects to testify in the retrial. For example, the other person charged with rape in that trial testified as a witness.

It seems to us the availability of other evidence to test Alexis' credibility should he testify, taken together with the potential for great prejudice created by the admission of his prior rape conviction, would outweigh the probative value the conviction would have as to his credibility in this case as a witness. That, however, is a matter for initial determination by the trial court.

A prosecutor should expect to prevail on the strength of the evidence in the particular case being tried. That does not always follow when prior convictions are admitted, even when a cautionary instruction of the court restricts the use of the evidence to impeachment of credibility.

Remanded for further consideration in light of this opinion.

UTTER, C.J., and ROSELLINI, STAFFORD, BRACHTENBACH, HOROWITZ, DOLLIVER, and WILLIAMS, JJ., concur.