[No. 10743-7-I.   Division One.   December 13, 1982.]

THE STATE OF WASHINGTON, *Respondent*, v. ALFRED
L. JONES, *Appellant*.

*Alfred L. Jones,* pro se, and *Elizabeth Selleck* of *Washington Appellate Defender Association,* for appellant.

*Russ Juckett, Prosecuting Attorney,* and *Asa Glazer, Deputy,* for respondent.

Andersen, C.J.—
## Facts of Case
Following a jury trial, the defendant, Alfred L. Jones, was convicted of four counts of burglary in the second degree. On appeal, his principal assignment of error concerns the admission into evidence of two prior convictions for purposes of impeachment.

Following a series of burglaries, the defendant and one Clarence Williams were arrested after officers observed them carrying stolen television sets from Williams' car into a motel room rented by the defendant. A lawful search of the premises revealed numerous items later identified as stolen. The search also revealed two pair of pliers, one of which was later determined to have been used to gain entry to one of the burglarized residences.

At trial, one witness, who was herself facing forgery charges, testified that the defendant signed and gave her a check to cash. Another witness testified that the defendant gave her a tea set to sell. Both the check and tea set were identified as loot from the burglaries.

Also at trial, the court ruled that the defendant's prior convictions for possession of dangerous drugs and carrying a concealed weapon were admissible under ER 609(a) for the purpose of impeachment.

The defendant testified. He denied the burglaries, having a tea set, owning the pliers or having anything to do with the check in question. As he explained it, he had received the stolen items in a drug transaction with the Mr. Williams who was arrested with him. The defendant also accused the arresting officers of taking things from Williams' car and saying that they were found in his motel room. On direct examination, the defendant admitted to one prior felony.[1] On cross examination, the prosecutor elicited testimony as to two prior felony convictions and their nature.

---

[1] The defendant had unsuccessfully made a motion in limine to exclude reference to any prior convictions.

One issue is determinative of this appeal.

## ISSUE

Was admission of the defendant's two prior felony convictions for impeachment purposes by the trial court reversible error?

## DECISION

CONCLUSION. Even if the admission into evidence of the defendant's two prior convictions for impeachment purposes was error under the circumstances, such error was not of constitutional dimension and was not prejudicial, therefore, the conviction will be affirmed.

█ Trial error is not a ground for reversal unless the error is prejudicial. Where the error is of constitutional proportion, it will be held prejudicial unless it is "harmless error beyond a reasonable doubt"; but where the error is not of constitutional proportion, a somewhat less rigorous test is applied and such error will not be held prejudicial unless "within reasonable probabilities, had the error not occurred, the outcome of the trial would have been materially affected." *State v. Cunningham,* 93 Wn.2d 823, 831, 613 P.2d 1139 (1980).

Admission of a prior conviction for impeachment is governed by ER 609.[2] This rule was adopted from the Federal

---

[2] "(a) **General Rule.** For the purpose of attacking the credibility of a witness, evidence that he has been convicted of a crime shall be admitted if elicited from him or established by public record during cross-examination but only if the crime (1) was punishable by death or imprisonment in excess of 1 year under the law under which he was convicted, and the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the defendant, or (2) involved dishonesty or false statement, regardless of the punishment.

"(b) **Time Limit.** Evidence of a conviction under this rule is not admissible if a period of more than 10 years has elapsed since the date of the conviction or of the release of the witness from the confinement imposed for that conviction, whichever is the later date, unless the court determines, in the interests of justice, that the probative value of the conviction supported by specific facts and circumstances substantially outweighs its prejudicial effect. However, evidence of a conviction more than 10 years old as calculated herein, is not admissible unless the proponent gives to the adverse party sufficient advance written notice of intent to use such evidence to provide the adverse party with a fair opportunity to contest the use of such evidence.

Rules of Evidence with only minor changes. Comment, ER 609, 91 Wn.2d 1150 (1979); *State v. Alexis*, 95 Wn.2d 15, 16, 621 P.2d 1269 (1980).

█ In reviewing the federal decisions which have addressed the issue of whether the constitutional or nonconstitutional standard of review is applicable to ER 609 violations, we conclude that although the federal courts are not unanimous on the issue, the better reasoned decisions have not treated violations of the rule as being of constitutional stature. *United States v. Glenn*, 667 F.2d 1269, 1273–74 (9th Cir. 1982); *United States v. Slade*, 627 F.2d 293, 308 (D.C. Cir. 1980); *United States v. Mahler*, 579 F.2d 730, 736 (2d Cir. 1978); *United States v. Smith*, 551 F.2d 348, 366, 39 A.L.R. Fed. 539 (D.C. Cir. 1976).

In reviewing decisions in this jurisdiction which have addressed similar evidentiary questions, it is apparent that they too support the view that the nonconstitutional standard of review is the one which should be applied to errors in the admission of prior convictions under ER 609. *See State v. Robtoy*, 98 Wn.2d 30, 653 P.2d 284 (1982) (erroneous admission of a prior homicide in a murder prosecution to show premeditation held harmless); *State v. Tharp*, 96 Wn.2d 591, 599, 637 P.2d 961 (1981) (erroneous admission

---

"(c) **Effect of Pardon, Annulment, or Certificate of Rehabilitation.** Evidence of a conviction is not admissible under this rule if (1) the conviction has been the subject of a pardon, annulment, certificate of rehabilitation, or other equivalent procedure based on a finding of the rehabilitation of the person convicted, and that person has not been convicted of a subsequent crime which was punishable by death or imprisonment in excess of 1 year, or (2) the conviction has been the subject of a pardon, annulment, or other equivalent procedure based on a finding of innocence.

"(d) **Juvenile Adjudications.** Evidence of juvenile adjudications is generally not admissible under this rule. The court may, however, in a criminal case allow evidence of a finding of guilt in a juvenile offense proceeding of a witness other than the accused if conviction of the offense would be admissible to attack the credibility of an adult and the court is satisfied that admission in evidence is necessary for a fair determination of the issue of guilt or innocence.

"(e) **Pendency of Appeal.** The pendency of an appeal therefrom does not render evidence of a conviction inadmissible. Evidence of the pendency of an appeal is admissible." ER 609.

of a prior conviction to show motive and erroneous admission of business records held harmless); *State v. Jamison,* 93 Wn.2d 794, 800-01, 613 P.2d 776 (1980) (erroneous admission of testimony indicating defendant's prior criminal conduct held not prejudicial); *State v. Cunningham, supra* at 831 (admission of statements tape-recorded in violation of statute held harmless); *State v. Mack,* 80 Wn.2d 19, 21-23, 490 P.2d 1303 (1971) (admission of evidence of unrelated criminal conduct held prejudicial). Also pertinent in this regard is *State v. Thompson,* 95 Wn.2d 888, 632 P.2d 50 (1981), wherein the defendant challenged the use of a prior manslaughter conviction for impeachment on the basis that the conviction was based on an invalid guilty plea. It was there held that "the validity of the guilty plea upon which the conviction was based goes to a purely collateral matter; that is, the credibility of the witness. Thus, the use of a conviction based on an allegedly invalid guilty plea does not impinge on any constitutional right." *State v. Thompson, supra* at 895.[3]

We also observe that the statutory predecessor to ER 609, which is RCW 10.52.030,[4] was held constitutional in *State v. Ruzicka,* 89 Wn.2d 217, 570 P.2d 1208 (1977), by a unanimous en banc decision of the State Supreme Court. As there held:

Evidence of a witness' prior convictions is not inadmissi-

---

[3] We are not unmindful of our recent holding in *State v. Mitchell,* 32 Wn. App. 499, 501, 648 P.2d 456 (1982), but do not consider it inconsistent herewith. Although in *Mitchell,* we did refer to the constitutional standard in disposing of an ER 609 issue, we did not there hold that a nonconstitutional standard of review was inapplicable. The question of which standard to apply was not considered and our holding, in effect, was that the ER 609 error in that case was not prejudicial judged by even the most stringent standard of review.

[4] "Convict as witness. Every person convicted of a crime shall be a competent witness in any civil or criminal proceeding, but his conviction may be proved for the purpose of affecting the weight of his testimony, either by the record thereof, or a copy of such record duly authenticated by the legal custodian thereof, or by other competent evidence, or by his cross-examination, upon which he shall answer any proper question relevant to that inquiry, and the party cross-examining shall not be concluded by his answer thereto." RCW 10.52.030.

ble evidence which should not be placed before the jury for any reason.

*State v. Ruzicka, supra* at 229. And further:

> We are not convinced that juries either cannot or willfully do not follow the court's instructions to use evidence of a defendant's prior criminal record only in weighing the defendant's veracity on the witness stand.

*State v. Ruzicka, supra* at 229. It would be incongruous and illogical to now conclude that simply because a statutory rule has been superseded by a court rule, what was formerly not considered a constitutional right should now be judged by constitutional standards.

Based on the foregoing analysis, we hold that violations of ER 609 are to be judged by the nonconstitutional standard of harmless error, namely that "error is not prejudicial unless, within reasonable probabilities, had the error not occurred, the outcome of the trial would have been materially affected." *State v. Cunningham, supra* at 831. *Accord, State v. Robtoy, supra.*

Turning to the case before us, the outcome of the defendant's trial would not have been materially affected if evidence of his prior convictions had not been admitted. As shown at the trial: he was apprehended carrying stolen property into his motel room; he was in possession of a pair of pliers positively identified as having been used in one of the burglaries; he signed and passed a stolen check through an intermediary; he sold a stolen tea set through another intermediary; and items from all four burglaries were found in his possession or traced to him. Wholly independent of the impeaching evidence, the jury could not reasonably have reached any conclusion other than that the defendant was guilty as charged.

Further in that same regard, the defendant admitted on direct examination that he was a dealer trading drugs for stolen property. Admission of his prior conviction for possession of dangerous drugs could well be said to have supported rather than impeached his explanation as to how he came to have possession of the goods in question.

378

If it was error to impeach the defendant by proof of his prior convictions, no prejudice has been shown; therefore, the conviction will not be reversed.

██ The contentions raised in the defendant's pro se brief are frivolous. Although no instruction on a lesser included offense was given, none was requested, therefore, we will not now consider a claim of error in that regard. *State v. Kroll,* 87 Wn.2d 829, 843, 558 P.2d 173 (1976); *State v. Prather,* 30 Wn. App. 666, 638 P.2d 95 (1981). The defendant argues that he should have been allowed to bring out the character of the two witnesses who connected him to the stolen check and the tea set. Our review of the record reveals that the character of such witnesses was in fact effectively brought out and that the jury was well aware of the failings of those two witnesses. The defendant also argues that he was denied effective assistance of counsel, but does not say why, and indeed the record reflects to the contrary. Since we have been referred to neither facts nor authority in support of this contention, it will not be further considered. *State v. Kroll, supra.*

Affirmed.

SWANSON and WILLIAMS, JJ., concur.

Reconsideration denied January 25, 1983.

Review granted by Supreme Court April 1, 1983.