[No. 4670–2–III.  Division Three.  December 14, 1982.]

THE STATE OF WASHINGTON, *Respondent,* v. ROBBIE W. BURTON, *Appellant.*

*Frank L. Kurtz* and *Kurtz & Hurley,* for appellant.

*Jeffrey C. Sullivan, Prosecuting Attorney,* and *Don Kresse, Deputy,* for respondent.

McINTURFF, C.J.—Is a prior conviction of third degree theft admissible under ER 609(a)(2) as a crime involving dishonesty? We conclude it is and affirm the trial court.

Mr. Burton was charged with the February 25, 1981, robbery of an ARCO Mini–Mart. The trial court allowed the prosecutor, over objection, to ask Mr. Burton on cross examination if he had ever been convicted of a crime. He stated he had prior convictions for shoplifting, petty larceny, and giving false information to a police officer.

The use of a prior conviction for impeachment purposes is governed by ER 609(a):

> **(a) General Rule.** For the purpose of attacking the credibility of a witness, evidence that he has been convicted of a crime *shall be admitted* if elicited from him or established by public record during cross–examination but only *if the crime* (1) was punishable by death or imprisonment in excess of 1 year under the law under which he was convicted, and the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the defendant, or (2) *involved dishonesty or false statement,* regardless of the punishment.

(Italics ours.)

A conviction involving dishonesty is admissible for impeachment purposes under ER 609(a)(2). These crimes involve acts of deceit, fraud, and cheating which impinge on one's reputation for honesty. *State v. Thompson,* 95 Wn.2d 888, 891, 632 P.2d 50 (1981).

■■ Court rules are to be read as a whole and their words are to be given their ordinary meaning. *State ex rel. Schillberg v. Everett District Justice Court,* 90 Wn.2d 794, 797, 585 P.2d 1177 (1978). To be dishonest means to deceive, defraud or steal. *Oxford English Dictionary* (1969). In common human experience, acts of deceit, fraud, cheating or stealing are universally regarded as conduct reflect-

ing adversely on a man's honesty and integrity. *See Gordon v. United States,* 383 F.2d 936, 940 (D.C. Cir. 1967), *cert. denied,* 390 U.S. 1029, 20 L. Ed. 2d 287, 88 S. Ct. 1421 (1968). Evidence that a witness has been convicted of third degree theft discloses a type of dishonesty and unreliability which impinges upon one's reputation for honesty. We hold that third degree theft is a crime involving dishonesty which may be used for impeachment purposes under ER 609(a)(2).[1]

In *State v. Zibell,* 32 Wn. App. 158, 646 P.2d 154, *review denied,* 97 Wn.2d 1039 (1982), Division One ruled that a prior conviction for third degree possession of stolen property was not admissible under ER 609(a)(2). Crimes "involving dishonesty and false statement" were limited to a narrow subset of crimes that bear directly upon the accused's propensity to testify truthfully. The rule in *Zibell* and other cases[2] is based primarily upon the legislative history which accompanied the passage of the Federal Rules of Evidence. The main authority cited is a House–Senate Conference Report which provides:

> By the phrase "dishonesty [or] false statement" the Conference means crimes such as perjury or subornation of perjury, false statement, criminal fraud, embezzlement, or false pretense, or any other offense in the nature of crimen falsi, the commission of which involves some element of deceit, untruthfulness, or falsification bearing on the accused's propensity to testify truthfully.

Conf. Rep. No. 1597, 93d Cong., 2d Sess., *reprinted in* 1974 U.S. Code Cong. & Ad. News 7098, 7103.

We respectfully decline to follow Division One's analysis.

---

[1]Theft convictions have been held to be crimes involving dishonesty or false statement in *People v. Spates,* 77 Ill. 2d 193, 395 N.E.2d 563 (1979); *Fletcher v. State,* 264 Ind. 132, 137, 340 N.E.2d 771 (1976); *State v. Melendrez,* 91 N.M. 259, 572 P.2d 1267 (Ct. App. 1977); *see also United States v. Carden,* 529 F.2d 443 (5th Cir. 1976); *Lowell v. State,* 574 P.2d 1281 (Alaska 1978); *People v. White,* 86 Ill. App. 3d 19, 23–24, 407 N.E.2d 572, 577 (1980).

[2]*United States v. Fearwell,* 595 F.2d 771, 777 (D.C. Cir. 1978); *United States v. Ortega,* 561 F.2d 803 (9th Cir. 1977); *United States v. Papia,* 560 F.2d 827 (7th Cir. 1977).

When a rule or statute is not ambiguous, there is no need to examine legislative history to construe it. *State v. Atkinson*, 19 Wn. App. 107, 118, 575 P.2d 240 (1978). The meaning of ER 609(a)(2) is clear: crimes involving dishonesty are admissible. To steal is dishonest. We need not trace federal legislative history to construe "dishonesty".

The remaining issue is whether Mr. Burton's conviction of giving false information to a police officer is a crime which involves a false statement. RCW 9A.76.020(2) makes it a crime for any person to knowingly make an untrue statement to a public servant. This is clearly a crime which involves a false statement and is admissible under ER 609(a)(2).

The judgment of the Superior Court is affirmed.

GREEN and MUNSON, JJ., concur.

Reconsideration denied January 11, 1983.

Review granted by Supreme Court March 11, 1983.