[No. 12310–6–I.   Division One.   January 5, 1984.]

THE STATE OF WASHINGTON, *Respondent,* v. ROBERTO LOPEZ SALDANO, *Appellant.*

*Zsa Zsa DePaolo* of *Washington Appellate Defender Association,* for appellant.

*Norm Maleng, Prosecuting Attorney,* and *Joanne Y. Maida, Deputy,* for respondent.

CALLOW, J.—Roberto L. Saldano appeals the judgment entered after a jury verdict convicting him of second degree assault while armed with a deadly weapon alleging that a prior conviction was improperly admitted into evidence.

Mario Rosenbaum, the victim, and Elia Rodriguez are the divorced parents of Alissa and Andres, two minor children. Rosenbaum has permanent custody of Andres and Rodriguez has permanent custody of Alissa. Pursuant to a mutual agreement to provide contact between the two children, Rosenbaum came to Rodriguez's home at about 6 p.m. on May 7, 1982, to leave Andres for the weekend. Soon after Rosenbaum arrived, a confrontation occurred between Rosenbaum and Robert L. Saldano, the defendant, who was living with Rodriguez. During this confrontation Rosenbaum was severely cut in the hand, requiring 8 hours of surgery to repair severed tendons, nerves, and an artery. He also received a puncture wound in his left forearm.

Rosenbaum testified that after he knocked on the door, the defendant came out and immediately began hitting him, forcing him into the yard. Although Rosenbaum did

not fight back, the defendant then began waving a butcher knife around and cut Rosenbaum on the forearm. The defendant then calmed down and the two went inside to discuss Rosenbaum's attempt to obtain custody of Alissa. Once inside, the defendant again became hostile, picked up the knife and cut Rosenbaum's hand while attempting to slash his face. Conversely, the defendant testified that Rosenbaum attacked Elia Rodriguez; that in coming to her aid he and Rosenbaum began fighting; that Rosenbaum pulled out a knife; that the two began to struggle for control of the knife; and that Rosenbaum's hand was cut when the defendant pulled the knife away from Rosenbaum who had grabbed the blade of the knife.

On May 12, 1982, the defendant was charged by information with second degree assault, RCW 9A.36.020(1)(b) and (c), while armed with a deadly weapon, RCW 9.95.040. During pretrial motions, the trial court denied the defendant's motion in limine to exclude evidence of his 1976 California conviction for robbery and assault arising out of one incident. A jury trial was conducted on July 6 and 7, 1982, and the defendant admitted to the prior conviction during direct and cross examination. The jury returned a verdict finding the defendant guilty as charged. The defendant appeals.

The defendant argues that robbery and assault are not crimes involving "dishonesty or false statement" and are not admissible under ER 609(a)(2), *State v. Zibell,* 32 Wn. App. 158, 165, 646 P.2d 154 (1982). He asserts that his prior conviction could only have been admissible under ER 609(a)(1), which requires the trial court to exercise its discretion in determining whether the probative value of a prior conviction would outweigh its prejudicial effect to the defendant under *State v. Alexis,* 95 Wn.2d 15, 621 P.2d 1269 (1980). He claims that since the record discloses that the trial court did not balance the prejudicial effect against the probative value of the prior conviction and make such a conscious determination on the record, the evidence was not properly admitted. *State v. Tharp,* 96 Wn.2d 591, 597,

637 P.2d 961 (1981).

Initially, the State contends that the denial of the defendant's motion in limine to exclude his prior conviction is not reviewable because it was not renewed during the course of the trial. *State v. Wilson,* 29 Wn. App. 895 (1981); *see State v. Austin,* 34 Wn. App. 625, 662 P.2d 872 (1983). However, here, the trial court's ruling was final, not tentative or advisory. Consequently, "[i]t was unnecessary to renew the objection at trial." *State v. Moore,* 33 Wn. App. 55, 60, 651 P.2d 765 (1982); *see State v. Latham,* 30 Wn. App. 776, 638 P.2d 592 (1981), *aff'd,* 100 Wn.2d 59, 667 P.2d 56 (1983).

Next, it must be determined whether the defendant's prior conviction for robbery and assault was properly admitted for purposes of impeachment pursuant to ER 609(a) which states, in part:

> For the purpose of attacking the credibility of a witness, evidence that he has been convicted of a crime shall be admitted if elicited from him or established by public record during cross examination but only if the crime (1) was punishable by death or imprisonment in excess of 1 year under the law under which he was convicted, and the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the defendant, or (2) involved dishonesty or false statement, regardless of the punishment.

We first consider whether the defendant's prior conviction for robbery and assault was properly admissible under ER 609(a)(1). ER 609(a)(1) permits the admission of prior convictions for purposes of impeachment, "but only after balancing the probative value of the prior conviction as it relates to the credibility of the witness against the potential prejudice to the defendant." *State v. Alexis, supra* at 17. However,

> The decision whether to admit prior convictions for impeachment purposes is clearly within the discretion of the trial court . . . and shall not be disturbed absent a clear showing of abuse.

*State v. Thompson,* 95 Wn.2d 888, 892, 632 P.2d 50 (1981).

Here, before ruling on the motion, the trial court heard argument on ER 609 and a discussion of the weighing factors set forth in *State v. Alexis, supra.* The record further discloses that the trial court was aware that ER 609(a)(1) required the probative value of the defendant's prior conviction to be weighed against its prejudicial effect:

> The first motion in limine, that is to exclude evidence of the prior conviction is denied. The probative value of that and the need for it for cross–examination does outweigh any potential prejudice that might be involved in it. The jury is entitled to know the specific nature of the offense for which there is a prior conviction, because the jury will be instructed that evidence may be considered only for purposes of evaluating the testimony of the defendant, and cannot be used as evidence of guilt in this case, and the jury, of course, would have no standard to apply if it simply was told that there had been a prior felony conviction. If there had been a prior felony conviction, for example, for perjury, the jury would undoubtedly be much more impressed with that as bearing on the truthfulness of the person.
>
> The jury may determine that a prior conviction or prior convictions for these offenses would not be a significant factor in evaluating the credibility of the defendant, but that is a matter for the jury to determine.

Although it would have been preferable for the trial court to more explicitly state its reasons for admitting the evidence, it was not required to do so. *State v. Thompson, supra; State v. Turner,* 35 Wn. App. 192, 665 P.2d 923 (1983). It remains to be determined whether the trial court abused its discretion by admitting Saldano's prior conviction for robbery and assault.

■ Some factors which a trial court may consider in weighing the probative value of credibility against potential prejudice include:

> (1) the length of the defendant's criminal record; (2) remoteness of the prior conviction; (3) nature of the prior crime; (4) the age and circumstances of the defendant; (5) centrality of the credibility issue; and (6) the impeachment value of the prior crime.

*State v. Alexis, supra* at 19; *see State v. Anderson,* 31 Wn. App. 352, 641 P.2d 728 (1982). The major consideration "is a comparison of the importance that the jury hear the defendant's account of events with the importance that it know of his prior conviction." *Alexis,* at 19; *see State v. Pam,* 98 Wn.2d 748, 659 P.2d 454 (1983). Based on these considerations, it cannot be said that the trial court abused its discretion in admitting evidence of the defendant's 1976 jury conviction in California for one count of robbery and one count of assault, both of which arose out of the same incident.

A conviction occurring within 10 years is not so remote in time as to diminish its probative value. *State v. Anderson, supra* at 356. Although "crimes of an assaultive nature usually have only a slight probative value of veracity . . . and when the crime parallels that for which a defendant witness is being tried, prejudice is magnified", *State v. Renfro,* 96 Wn.2d 902, 908, 639 P.2d 737 (1982), such crimes are not necessarily inadmissible. *See State v. Thompson, supra* (manslaughter conviction properly admitted in prosecution for assault); *State v. Jobe,* 30 Wn. App. 331, 633 P.2d 1349 (1981) (assault conviction properly admitted in prosecution for assault). This court has further recognized the impeaching value of a prior conviction for robbery, *State v. Anderson, supra; State v. Turner, supra,* and for assault. *State v. Jobe, supra.* Moreover, the defendant's claim of self–defense made his credibility the central issue and, as such, any evidence which impeached his credibility became relevant and important for the jury to know. The defendant's conviction was properly admitted under ER 609(a)(1).

We further hold that robbery is a crime involving "dishonesty or false statement" so as to render it per se admissible under ER 609(a)(2). *State v. Latham,* 35 Wn. App. 862, 867, 670 P.2d 689 (1983); *State v. Turner,* 35 Wn. App. 192, 665 P.2d 923 (1983). We recognize that there is authority which has held to the contrary. *State v. Moore,* 29 Wn. App. 354, 364, 628 P.2d 522 (1981), *on remand,* 33

Wn. App. 55, 60, 651 P.2d 765 (1982). Such authority, however, was based on the premise, derived from an examination of the legislative history underlying the passage of the Federal Rules of Evidence, that crimes of "dishonesty or false statement" are limited to a "'"narrow subset of crimes"—those that bear *directly* upon the accused's propensity to testify truthfully.'" *State v. Zibell,* 32 Wn. App. 158, 164, 646 P.2d 154 (1982) (quoting *United States v. Fearwell,* 595 F.2d 771, 777 (D.C. Cir. 1978)); *see State v. Moore,* 33 Wn. App. at 60.

> By the phrase "dishonesty [or] false statement" the Conference means crimes such as perjury or subornation of perjury, false statement, criminal fraud, embezzlement, or false pretense, or any other offense in the nature of crimen falsi, the commission of which involves some element of deceit, untruthfulness, or falsification bearing on the accused's propensity to testify truthfully.

Conf. Rep. No. 1597, 93d Cong., 2d Sess., *reprinted in* 1974 U.S. Code Cong. & Ad. News 7098, 7103. We decline to follow *State v. Moore, supra,* since we conclude that it was based upon an improper consideration of legislative history. *See State v. Turner, supra; State v. Burton,* 33 Wn. App. 417, 655 P.2d 259 (1982), *review granted,* 99 Wn.2d 1003 (1983). We hold that the conclusion reached in *State v. Zibell* and *State v. Moore* was wrong. The taking of the property of another whether by stealth, subterfuge, fraud or by threat or force is dishonest and bears on the credibility of an accused.

Prior to the adoption of ER 609, a prior conviction of an accused could be proved for the purpose of affecting the weight of his testimony whenever the accused testified in his own behalf. RCW 10.52.030, 5.60.040; *see State v. Murray,* 86 Wn.2d 165, 170, 543 P.2d 332 (1975) (Rosellini, J., concurring). In 1979, the Supreme Court adopted ER 609 which effectively superseded those statutes. Comment, ER 609. A court rule will supersede a procedural statute in the event of a conflict. *State ex rel. Department of Ecology v. Anderson,* 94 Wn.2d 727, 620 P.2d 76 (1980); *see State ex*

*rel. Foster–Wyman Lumber Co. v. Superior Court,* 148 Wash. 1, 14, 267 P. 770 (1928); RCW 2.04.200.

■ However, we must approach such a court rule "as though [it] had been drafted by the legislature, and give the words their ordinary meaning, reading the language as a whole and seeking to give effect to all of it." *State ex rel. Schillberg v. Everett Dist. Justice Court,* 90 Wn.2d 794, 797, 585 P.2d 1177 (1978). The language of ER 609(a)(2) is clear and unambiguous. "When a rule or statute is not ambiguous, there is no need to examine legislative history to construe it." *Burton,* at 420. Federal legislative history is neither necessary nor proper in interpreting the plain meaning of ER 609(a)(2).

Under ER 609(a)(2), a prior conviction of a witness is admissible if it "involved dishonesty or false statement."

> To be dishonest means to deceive, defraud or steal. *Oxford English Dictionary* (1969). In common human experience, acts of deceit, fraud, cheating or stealing are universally regarded as conduct reflecting adversely on a man's honesty and integrity.

*Burton,* at 418–19.

*State v. Johnson,* 35 Wn. App. 380, 387–88, 666 P.2d 950 (1983) (quoting *People v. Spates,* 77 Ill. 2d 193, 203, 395 N.E.2d 563, 568 (1979)) further stated:

> Assuming that the drafters of the Federal rules of evidence intended the natural meaning of their words, we can perceive no reason why proposed Rule 609(a)(2) should not encompass both theft, as an act of dishonesty, as well as perjury, as an act of false statement. This interpretation is especially justified *since the rule is written using the disjunctive conjunction "or,"* designating that either of two alternatives would fall within the rule. Since crimes involving affirmative misstatements are presumably included by the phrase "false statement," crimes involving *conduct* that is dishonest, of which theft is surely one, are included by the term "crimes involving dishonesty."

The discussion in *State v. Turner, supra* at 197, rejected the rationale of *State v. Zibell* and *State v. Moore,* as follows:

Although robbery involves assaultive behavior, it also involves theft. We see no merit to the argument that a person's propensity to give false testimony may be shown only by instances of past lying; for it is a fact of life that in many situations, actions speak more loudly than words. Robbery is not considered an "honest" endeavor by society and is not so viewed by this court. We disagree with the majority's analysis of ER 609(a)(2) in *Zibell* and we hold that robbery *is* a crime involving dishonesty. As such, the defendant's conviction was admissible for impeachment purposes under the plain language of ER 609(a)(2) and the trial court did not err in so ruling in response to the defendant's motion in limine at the outset of the trial.

■ Finally, even assuming the defendant's prior conviction was improperly admitted, such error was harmless. Admission of a prior conviction for impeachment purposes will not be deemed so prejudicial as to warrant reversal unless, "within reasonable probabilities, had the error not occurred, the outcome of the trial would have been materially affected.'" *State v. Jones,* 33 Wn. App. 372, 377, 656 P.2d 510 (1982). The defendant's claim of self-defense was supported only by himself and Elia Rodriguez. However, their credibility was in question. They are admittedly involved in an intimate relationship and plan to be married. Rodriguez also admitted that in order to protect the defendant she falsely denied to the police that he was at her house on the day of the incident. Moreover, the defendant's version of the incident contradicted certain statements he made following the incident. Rodriguez's brother and sister-in-law testified that the defendant had stated he had cut up and attacked the victim. Conversely, the victim's version of the incident was consistent with the statement he gave to the police on the day of the incident.

Hence, the defendant's version of the incident was in question despite the admission of his prior conviction. The admission of evidence of his prior conviction did not, within reasonable probabilities, materially affect the outcome of the trial and was harmless. *State v. Jones, supra.*

In light of our disposition of this case, we need not address the State's further contention that the defendant waived any objection by himself bringing out evidence of his prior conviction on direct examination.

The judgment is affirmed.

DURHAM, C.J., and SCHOLFIELD, J., concur.

Review by Supreme Court pending October 1, 1984.