**NEVIN KEAULII**, Plaintiff–Appellant, and **JO ANNE KEAULII**, Plaintiff, v. **MICKIE SIMPSON**, Defendant–Appellee

NO. 15645

(CIV. NO. 88–3890)

MARCH 11, 1993

LUM, C.J., MOON AND LEVINSON, JJ.,
AND RETIRED JUSTICE HAYASHI,*
ASSIGNED BY REASON OF VACANCY
AND INTERMEDIATE COURT OF APPEALS
ASSOCIATE JUDGE HEEN, IN PLACE
OF KLEIN, J., RECUSED

OPINION OF THE COURT BY LUM, C.J.

This case involves the question of whether the circuit court may impose sanctions, under Rule 26(A) of the Hawaii Arbitration Rules (HAR), against a party who

---

*Retired Justice Yoshimi Hayashi, who heard oral argument in this case, was unavailable for signature when this opinion was filed. *See* HRS § 602–10 (1985).

appeals from an unfavorable arbitration decision but dismisses the case "with prejudice" before the evidentiary portion of the trial.

For the reasons set forth below, we hold that for purposes of Rule 26 of the HAR a circuit court's decision to grant a party's motion to dismiss with prejudice is a "decision rendered in a trial *de novo*" for which sanctions may be imposed.

## I.

This case arises out of a September 5, 1987 automobile accident. Appellant Nevin Keaulii (Keaulii) sued appellee Mickie Simpson (Simpson), alleging that Simpson negligently rear–ended Keaulii. The dispute was referred to the Court Annexed Arbitration Program (CAAP). The arbitrator found Simpson was not liable and awarded no damages to Keaulii.

Keaulii timely appealed to the circuit court and requested a trial *de novo*.[1] A trial date was set and Simpson proceeded with discovery. In preparation for

---

[1] Rule 22 of the Hawaii Arbitration Rules provides:

**Rule 22. Request For Trial De Novo.**

(A) Within twenty (20) days after the award is served upon the parties, any party may file with the clerk of the court and serve on the other parties and the Arbitration Administrator a written Notice of Appeal and Request for Trial *De Novo* of the action.

(B) After the filing and service of the written Notice of Appeal and Request for Trial *De Novo*, the case shall be set for trial pursuant to applicable court rules.

(C) If the action is triable by right to a jury, and a jury was not originally demanded but is demanded within ten (10) days of service of the Notice of Appeal and Request for Trial *De Novo* by a party having the right of trial by jury, the trial *de novo* shall include a jury, and a jury trial fee shall be paid as provided by law.

trial, Simpson incurred $13,631.00 in attorneys' fees, $9,192.70 in costs, and $4,815.00 in expert witness fees.

The evidentiary phase of the trial was scheduled to begin on July 29, 1991. At a pretrial conference on July 26, 1991 Keaulii moved to dismiss his claims "with prejudice." The circuit court later granted Keaulii's motion.

Simpson then moved for sanctions and the circuit court ordered Keaulii to pay Simpson $5,000.00[2] for attorneys' fees and $9,192.70 for costs.[3]

This appeal followed.

## II.

In sum, the question raised by appellant is whether, for purposes of imposing sanctions under HAR 26, the circuit court's dismissal with prejudice was a "decision rendered in a trial *de novo*."

Keaulii contends there was no court decision rendered in a trial *de novo* and therefore the trial court could not award sanctions under HAR 26(A). Keaulii's points of error challenge the following circuit court findings and conclusions:

> (3) Rule 2(A) of the Hawaii Arbitration Rules states that, 'the purpose of the Program is to provide a simplified procedure for obtaining a prompt and *equitable* resolution of certain civil matters . . . .' Rule 2(C) states that, 'these arbitration rules are not intended, nor should they be construed, to address every issue which may arise during the arbitration process.' Rules 25 and 26

---

[2] HAR 26(B)(3) limits an award of attorney's fees to $5,000.00.

[3] HAR 26(B)(1) allows awards of "reasonable costs and fees actually incurred."

provide that sanctions may be awarded in the Court's discretion. Rule 25(A) defines the term 'prevailing party' for the purposes of sanctions. Rule 26(D) provides that 'in determining sanctions, if any, the court shall consider all the facts and circumstances of the case and the intent and purpose of the Program in the State of Hawaii.'

(4) Although circumstances in this case are unusual, Rules 25 and 26 do apply. Plaintiff dismissed the case and the appeal on the day of trial, after Defendant had incurred substantial post–award fees and costs. Defendant is the 'prevailing party' within the meaning of Rule 25(A). Plaintiff is subject to sanctions under Rule 26. Plaintiff is liable to Defendant for reasonable costs and fees pursuant to Rules 26(B)(1) and (3). The amounts sought by Defendant in sanctions are reasonable and were actually incurred. The Court finds that these amounts are in excess of $5,000.00 in attorney's fees, and $9,192.70 in costs.

(5) Pursuant to Haw. Rev. Stat. Section 603–21.9(1) and (6), the interests of justice require that the Court grant sanctions against Plaintiff, in order to promote justice in the case.

(Emphasis in original.)

### III.

The findings and conclusions contained in paragraph (3) are obviously neither erroneous nor contrary to law as the paragraph merely quotes and accurately summarizes parts of Rules 2, 25, and 26 of the HAR. Keaulii makes no argument about paragraph (5) and therefore we do not consider it further. *See* HRAP 28(b)(4)(C) (requiring

explanation why findings or conclusions are wrong) and HRAP 28(b)(7) (requiring argument); *Ala Moana Boat Owners' Ass'n v. State*, 50 Haw. 156, 434 P.2d 516 (1967) (an appeal may be dismissed for failure to comply with rule requiring, *inter alia*, "a concise argument.")

We think the circuit court's paragraph (4) is a correct summation of the Rules and policies applicable to this case.

HAR 26(A) provides:

> After the verdict is received and filed, or the court's decision rendered in a trial *de novo*, the trial court may, in its discretion, impose sanctions, as set forth below, against the non-prevailing party whose appeal resulted in the trial *de novo*.

A grant of attorney's fees under HAR 26 is a conclusion of law, reviewable under the right/wrong standard. *Kealoha v. County of Hawaii*, 74 Haw. 308, 844 P.2d 670 (1993); *see also Amfac, Inc. v. Waikiki Beachcomber Inv. Co.*, 74 Haw. 85, 839 P.2d 10 (1992) (a conclusion of law is freely reviewable).

When considering rules promulgated by courts, principles of statutory construction apply. *State v. Saldano*, 36 Wash. App. 344, 675 P.2d 1231, 1235, *review denied*, 102 Wash. 2d 1018 (1984). Statutory provisions must be read in the context of the entire statute and interpreted in a manner consistent with the purposes of the statute. *State v. Kumukau*, 71 Haw. 218, 787 P.2d 682 (1990). A court is not obligated to construe statutes literally if to do so would bring about absurd results. *E.g., State v. Ogata*, 58 Haw. 514, 572 P.2d 1222 (1977).

In this case the trial court correctly noted the purpose of the HAR is to provide a simplified procedure for obtain-

ing a prompt and equitable resolution of certain civil matters. HAR 2(A); *Kealoha v. County of Hawaii*, 74 Haw. 308, 844 P.2d 670 (1993). We have also recently noted that the purpose of potential sanctions is to discourage baseless appeals from arbitration awards and thus to discourage further costs and expenses of trial. *Kealoha v. County of Hawaii*, 74 Haw. 308, 844 P.2d 670 (1993).

Here Keaulii elected to attempt to improve upon the arbitrator's decision by requesting a trial *de novo*. In preparation for the trial, Simpson incurred considerable expense, only to have the case dismissed as a result of Keaulii's motion. Keaulii's actions in demanding and pursuing a trial *de novo* plainly did not "improve[] upon the arbitration award by 15% or more" and he is therefore not a prevailing party. HAR 25(A). [4]

Keaulii argues that Rule 26 cannot provide a basis for sanctions because the order of dismissal was not a "decision rendered in a trial *de novo*."[5] Keaulii's interpretation

---

[4] HAR 25(A) provides:

**Rule 25. The Prevailing Party In The Trial De Novo; Costs.**

(A) The "Prevailing Party" in a trial *de novo* is the party who has (1) appealed and improved upon the arbitration award by 15% or more, or (2) has not appealed and the opposing party has appealed and failed to improve upon the arbitration award by 15% or more. For the purposes of this rule, "improve" or "improved" means to increase the award for a plaintiff or to decrease the award for the defendant.

[5] Keaulii also opines that the dismissal was not a decision on the merits. This is not a claim we need to address in order to resolve this case. We note however, that the dismissal was, at Keaulii's request, with prejudice. Thus, there is nothing further to be decided about the merits of Keaulii's claims. *See, e.g., Havee v. Belk*, 775 F.2d 1209 (4th Cir. 1985) (res judicata effect of dismissal with prejudice); *Astron Indus. Associates Inc. v. Chrysler Motors Corp.*, 405 F.2d 958 (5th Cir. 1968) (res judicata effect of dismissal with prejudice).

of the phrase "trial *de novo*" is not required by the rule and would lead to an absurd and inequitable result, wholly inconsistent with the purpose of the CAAP.

A trial *de novo* under the Hawaii Arbitration Rules is simply a trial proceeding not bound by the findings or conclusions of the arbitrator. The word "trial" is not a word of rigid definition and it must be read in the context in which it is used. *Cf., e.g., **People v. Agnew**,* 85 Ill. Dec. 514, 516, 105 Ill. 2d 275, 473 N.E.2d 1319 (1985) (statute allowing attorneys to be paid for each day actually employed in the "trial" of an appellate case applied to proceedings in the appellate court, including oral argument); ***Jones v. Houston Materials Co.**,* 477 S.W.2d 694 (Tex. Civ. App. 1972) (summary judgment proceeding a trial within rule providing for amendment of pleadings). A literal reading of HAR 26 does not require us to limit an award of sanctions to those cases in which a jury is sworn or evidence is taken and such a limitation would be wholly inconsistent with the purpose of the HAR and the CAAP. Therefore, we hold that for purposes of Rule 26 of the HAR a decision granting a party's motion to dismiss with prejudice prior to commencement of a jury being sworn or evidence being taken is a "decision rendered in a trial *de novo*" for which sanctions may be imposed.

The judgment of the circuit court is affirmed.

*Thomas J. Kaster* (*Erlinda Dominguez* and *Thomas E. Walsh* with him on the brief of The Law Offices of Erlinda Dominguez) for plaintiff–appellant.

*Jonathan L. Ortiz* (*Paul T. Yamamura* and *Dennis E.W. O'Connor, Jr.* with him on the brief of Ortiz & Yamamura) for defendant–appellee.