[No. 16678.  Department Two.  November 17, 1921.]

HENRY SURRY, *Respondent*, v. SEATTLE TAXICAB
COMPANY, *Appellant*.[1]

MUNICIPAL CORPORATIONS (379, 392)—STREETS—COLLISION AT CROS-
SING—MUTUAL RIGHTS IN MEETING AND CROSSING—ORDINANCES—IN-
STRUCTIONS. Under a city ordinance providing that drivers approach-
ing street intersections shall look out for and give right of way to
vehicles on their right simultaneously approaching a given point,
where two vehicles simultaneously approach the intersection of three
streets the car coming from the right has a right of way over the
other.

APPEAL (464)—HARMLESS ERROR—REFUSAL OF REQUESTED INSTRUC-
TIONS. The refusal of proper requested instructions is not error
when their substance is adequately expressed in the instructions
given.

WITNESSES (88-90)—REDIRECT EXAMINATION—SCOPE AND EXTENT—
EXPLANATION OF TESTIMONY ON CROSS-EXAMINATION. Where defend-
ant's witness on cross-examination had denied making a certain
statement to plaintiff's counsel, and the denial had been accepted, it
was not error to refuse defendant the privilege of calling out the
entire conversation by redirect examination of his witness.

DAMAGES (124, 126)—ASSESSMENT—INJURY TO PERSON—INSTRUC-
TIONS. Where there is some evidence of future pain and suffering or
impairment of the faculties of plaintiff in a personal injury action,
an instruction on the rule for assessing damages which states the
jury might allow compensation for pain and suffering which is
reasonably certain to endure in the future was proper.

Appeal from a judgment of the superior court for
King county, Brinker, J., entered April 9, 1920, upon
the verdict of a jury rendered in favor of the plaintiff,
in an action for personal injuries sustained in an auto-
mobile collision. Affirmed.

*W. A. Gilmore* and *Van Dyke & Thomas,* for appel-
lant.

*Totten & Totten,* for respondent.

[1]Reported in 201 Pac. 754.

MACKINTOSH, J.—Fifth avenue, a street sixty-six feet wide, intersects Olive street, sixty-six feet wide, at about right angles; Fifth avenue running in general northwesterly and southeasterly directions. Westlake avenue, a street ninety feet wide, passes through this intersection in a general northerly direction.

The automobile collision, the subject of this action, occurred at the junction of those streets, and the appellant's negligence is satisfactorily established by the evidence. There are presented on this appeal for our consideration, objections to instructions, exceptions to the refusal to give certain requested instructions, exceptions to the failure to admit certain testimony, and objection to the amount of damages.

The appellant's taxicab was going northeasterly on Westlake avenue, and the respondent's car was going westerly on Olive street. The latter car approached Olive street's intersection with Westlake avenue prior to the time that the appellant's taxicab reached the intersection of Fifth avenue and Olive street, and had proceeded across the intersection until it was within the imaginary east line of Fifth avenue across Westlake avenue, and the evidence fairly establishes that the point of impact was well within the imaginary intersection of Fifth avenue and Olive street.

In instructing the jury in regard to the ordinances of the city of Seattle relative to the rights of drivers of vehicles approaching intersections, it is the contention of the appellant that the court should have applied those ordinances to the imaginary intersection of Fifth avenue and Olive street. Where a situation is presented, such as this, to so interpret these ordinances would lead to interminable confusion and would result, in the practical operation of automobiles, in causing rather than preventing collisions. The ordinances, among other things, provide:

"Drivers when approaching street intersections shall look out for and give right-of-way to vehicles on their right simultaneously approaching a given point."

This was interpreted in its instructions by the court as follows:

"One of those rules is that where two vehicles simultaneously approach the same intersection, the car coming from the right has a right-of-way over the other".

As we view it, this was a correct interpretation of the ordinance, and we see no merit in appellant's contention that this instruction was confusing, in that it omitted to state what intersection it was applicable to, as it applied to the common intersection of the three streets. But, in any event, the court later instructed the jury that the ordinance applied to that portion of the highway where Olive street and Fifth avenue intersect, which was an instruction more favorable to the appellant than it was entitled to.

Passing to the requested instructions, an examination of them shows that the substance of those which properly stated the law was fully and adequately expressed in the instructions given.

The error claimed as to the exclusion of testimony relates to the refusal of the court to allow the appellant to ask the driver of the taxicab, on his redirect examination, to relate an entire conversation held between him and counsel for the respondent. On cross-examination the witness had denied that he had stated to respondent's counsel, after the accident, that there was no passenger in his taxicab at the time of the collision. No part of the conversation was alluded to in the question on cross-examination. The question on redirect examination called for entirely too much, and objection was properly sustained to it. The appellant had

accepted the flat denial of the witness and there was nothing before the court which called for any explanation. There was no error in this ruling.

Objection is made to the instruction as to the rule for assessing the damages, in which the jury was told it might allow compensation for the "pain and suffering, if any, which he (plaintiff) is reasonably certain to endure in the future, if established on the trial, and in doing so you are to take into consideration the duration of such injuries, their severity, the impairment of the faculties, if any . . . ." It is objected that there was no evidence to sustain a recovery for future pain and suffering or impairment of the faculties. The record discloses, however, some evidence which the jury might take into consideration upon those points. We find no merit in the claim that the amount recovered was excessive.

The judgment is affirmed.

PARKER, C. J., MAIN, HOLCOMB, and HOVEY, JJ., concur.