[No. 31389. Department Two. November 16, 1950.]

THE STATE OF WASHINGTON, *Respondent*, v. WILBUR TIMOTHY CONKLIN, *Appellant*.[1]

*Stanley C. Soderland,* for appellant.

*Charles O. Carroll* and *Kathreen Mechem,* for respondent.

MALLERY, J.—The defendant was convicted of the crime of taking indecent liberties on the person of his stepdaughter, who was under the age of fifteen years. He appeals.

The appellant concedes the sufficiency of the evidence to take the case to the jury. He contends the trial court erred

[1]Reported in 223 P. (2d) 1065.

in admitting the testimony of the complaining witness that she had made a prior out-of-court complaint as to the offense charged, upon the ground that the testimony identified the appellant as being the offender. Appellant contends this was reversible error under the rule of *State v. Murley*, 35 Wn. (2d) 233, 212 P. (2d) 801.

The testimony objected to is as follows:

"Q. Will you state, Brita, whether or not on or about October 3rd, 1949, you appeared at a juvenile court hearing regarding matters of your custody? A. Yes. Q. Who was there on that day? A. Judge Long, my stepfather, Miss Swanson, and you were,—and I don't know who else. Q. Were some other people in the room? A. Yes. Q. Mr. Conklin was there? A. Yes. Q. Did you, Brita, at any time while you were there at the juvenile court make a complaint against your stepfather regarding the conduct which he had had toward you? A. Yes. MR. SODERLAND: Object to that question. Such a complaint would not in any sense be a timely complaint unless it is shown to come within the rule of hue and cry in orbit of human experience. The foundation has not been laid. THE COURT: She has answered yes and the answer may stand. MR. SODERLAND: Exception. Q. Brita, what conduct did you complain about as to your stepfather? MR. SODERLAND: Object to that. I think the testimony should be as to what this witness can testify to at the present time. THE COURT: I think the point is well taken. MISS MECHEM: I think it is proper. Q. Brita, at any time during the time you lived out there in the Duwamish area will you state whether or not the defendant, Wilbur Conklin acted in a way toward you which you considered improper?"

The *Murley* case, *supra*, held that it could be shown that a prior out-of-court complaint was made by the complaining witness, consistent with the charge as laid in the information, for the purpose of effecting her credibility as a witness and to rebut any inference that her testimony had been recently fabricated. This evidence is not admitted as proof of the identity of the offender and the things he did. Such particulars, with regard to the offense charged, must be supplied by witnesses on the stand from their present knowledge and recollection of the facts.

■ To permit a third party witness to testify as to the details of the prior out-of-court complaint, would incur a risk that the jury might not limit such evidence to the question of whether or not a complaint had been made, and might wrongfully give it some weight as corroboration of the complaining witness' present testimony. Accordingly, the *Murley* case, *supra*, held that the right to show that a complaint was made did not include the right to repeat it in all its details, including the identification of the offender. Therefore, we think it well to point out that this witness was the complaining witness and that immediately after the testimony in question was given, she properly brought out all of the details of the offense charged, naming, of course, the appellant as the offender. Her testimony regarding her prior out-of-court complaint, in which the identity of the offender was given, while improper, can in no way be considered as being corroborative in character. One does not corroborate oneself. There is no risk here, then, of bolstering a disputed identification in admitting the evidence in question. There was never any dispute over the offender's identity. The issue was over what the appellant did or did not do. The weight of the harm claimed is too slight to constitute reversible error.

■ It may, also, be noted that the appellant's objection went to the timeliness of the complaint. That objection is not urged upon appeal. The appellant now, for the first time, objects upon the ground that the testimony concerning the complaint revealed the identity of the appellant as the offender. No citations are necessary for the rule that objections cannot be raised in this court for the first time, and that objections must be sufficiently definite as to their grounds to afford the trial court an opportunity to properly consider and rule upon them. We find no merit in this assignment.

The appellant has specifically waived his second assignment of error touching testimony of offenses subsequent to the date upon which the state elected to rely for conviction and, therefore, it need not be treated herein.

The appellant contends that "the trial court erred in permitting the prosecuting attorney to impeach her own witness on redirect examination and to go beyond the scope of proper redirect examination."

In the direct examination of the complaining witness the time of day of the offense was fixed as immediately after 2:30 a. m., when the appellant got off work. In redirect examination she was permitted to expand her testimony concerning occurrences in the afternoon, during the school vacation period. It was not impeachment of the witness to ask her to expand her testimony on redirect examination, when the facts thus developed were in no way inconsistent with her previous answers.

The appellant contends that redirect examination must be limited to rebuttal of his cross-examination and cites *State v. Hazzard*, 75 Wash. 5, 134 Pac. 514, and *Surry v. Seattle Taxicab Co.*, 117 Wash. 559, 201 Pac. 754. We think they do not support appellant's contention. The rulings of the court in sustaining an objection were there held not to be error, and those cases are not out of harmony with the general rule that the discretion of the trial court, as to the scope allowed on redirect examination, will not be reviewed except for manifest abuse resulting in prejudice to the complaining party. To allow a party to supply testimony omitted by oversight or to correct or explain previous testimony is not an abuse of discretion.

The judgment is affirmed.

ROBINSON, SCHWELLENBACH, GRADY, and HILL, JJ., concur.