[No. 33831.   Department One.   January 2, 1958.]

THE STATE OF WASHINGTON, *Respondent*, v. DOUGLAS K. CUNNINGHAM, *Appellant.*[1]

[1]Reported in 319 P. (2d) 847.

*Greive & Law*, for appellant.

*Charles O. Carroll* and *James A. Andersen*, for respondent.

OTT, J.—Douglas K. Cunningham was charged with the crime of assault in the first degree. The essential facts with relation thereto are as follows:

At approximately eight a. m., November 9, 1955, Cunningham entered a tavern, where he borrowed a 30.06 rifle from a friend. Some time later, while still in the tavern, he showed the rifle to a fellow railroad employee, R. W. Hill, who testified that Cunningham said he intended to kill his estranged wife and "anybody else that interfered with him." Hill left Cunningham about five p. m., and reported this incident to the police.

At approximately six p. m., Carl Peterson, who was the employer of Cunningham's wife, went to the lot where his car was parked. Just as Peterson sat down behind the steering wheel of his car, Cunningham opened the door and, according to Peterson's testimony, pointed the rifle at him, said that Peterson must take him to his (Cunningham's) wife, and stated that he intended to kill both of them. During the short conversation that followed, a police car stopped near Peterson's car. Peterson wrenched the rifle from Cunningham's hands and called to the police for help.

Cunningham denied that threats were made either to Hill or to Peterson, and stated that he was showing the rifle to Peterson inasmuch as he was generally familiar with rifles, being in the sporting goods business.

The jury returned a verdict of guilty of assault in the first degree, and, from the judgment and sentence entered thereon, the defendant has appealed.

Six of appellant's ten assignments of error relate to the court's rulings concerning the evidence.

(1) During his testimony, Mr. Peterson volunteered a statement relative to an assault by Mr. Cunningham upon Mrs. Cunningham, in the Peterson store, about a month prior to the incident in question. As soon as the statement was made, defense counsel asked the court to declare a mistrial. The court denied the motion and instructed the jury as follows:

"Ladies and gentlemen of the jury, a few moments ago a statement was made by the witness about an assault being made in the store. You will disregard that comment entirely. It has no place in this case. It came in without

anyone realizing at the time that it was going to be mentioned, and the remark concerning that assault is stricken from the record and you will disregard it entirely."

The court's instruction was proper. The questioned testimony was not such as would merit the granting of the motion. It is presumed that the jury followed the court's instructions. *Traverso v. Pupo, ante* p. 149, 152, 316 P. (2d) 462 (1957), and case cited.

(2) The second assignment relates to the court's ruling which limited the scope of the cross-examination of Peterson. The court permitted the appellant to attempt to show bias, prejudice, and the motives of the witness for impeachment purposes. The court excluded inquiry relative to allegations contained in the pleadings of a civil action by appellant against Peterson, which were not material to any issue involved in this proceeding.

We stated the rule, in *State v. Robbins*, 35 Wn. (2d) 389, 396, 213 P. (2d) 310 (1950), as follows:

"Where the right is not altogether denied, the scope or extent of cross-examination for the purpose of showing bias rests in the sound discretion of the trial court. [Citing cases.]"

Applying this rule to the instant proceeding, our review of the record convinces us that the court, in limiting the scope of the cross-examination, did not abuse its discretion.

(3) Appellant's third assignment relates to the court's ruling limiting the cross-examination of the witness Hill in regard to his refusal to discuss with defense counsel, prior to trial, what his testimony would be. The court permitted Hill to testify only that he had so refused. Appellant has cited no authority, nor have we found any, which requires a state's witness to discuss his testimony with defense counsel. Under the rule of the *Robbins* case, the court did not abuse its discretion in denying the offer of proof and in so limiting appellant's cross-examination of the witness.

(4) Appellant contends that the witness Hill expressed only his *opinion* as to the identity of the person whom

appellant intended to assault, and assigns error to the admission of the alleged opinion evidence. The questioned testimony is as follows:

"Q. All right. Go on. A. Well, I think maybe I got a little bit ahead of my story. Doug told me in the tavern there he was going out to kill his wife and anybody else that interfered with him and in his attempt to get her, and he told me the parking lot was nearby and he would wait in the parking lot because he knew she rode home with him. Q. With who? A. The man she worked for. Q. Was that Mr. Carl Peterson? A. I think Peterson was the name. Anyway, it was her employer at this sporting goods shop in Ballard, . . ."

■■ It is not necessary that the threat of violence be directed against a particular person, if such general threat could properly be found to include within its scope the person assaulted. 4 Am. Jur. 199, § 153. The trial court properly ruled that the evidence was admissible to prove intent to assault Peterson. Further, appellant's objection to the evidence upon the ground that it expressed only an opinion as to identity is not well-founded. The witness' testimony related to statements made by the appellant and was not opinion evidence.

(5) The witness Hill, on direct examination, was permitted to testify as follows:

"Q. I will ask you whether or not you then reported this matter to the Seattle Police Department? A. Yes, I did."

■ This was objected to as hearsay. The objection was denied, and appellant assigns error thereto.

"Hearsay evidence is that kind of evidence which derives its value, not solely from the credibility of the witness himself, but also, in part, from the veracity and competency of some other person. [Citing authority.]" *Moen v. Chestnut,* 9 Wn. (2d) 93, 108, 113 P. (2d) 1030 (1941).

In this case, the witness was permitted to testify only as to what he did after the threat was made. The testimony does not depend upon "the veracity and competency of some other person," and is, therefore, not hearsay.

■■ (6) The appellant contends that the police officers were present simply as a result of routine traffic

enforcement, and that Peterson framed him by reporting an assault to the police, when he was merely showing the rifle to Peterson. In rebuttal, the police record of Hill's report was admitted in evidence. The appellant contends that the admission of the exhibit was error. The exhibit was admitted without objection; hence, there is no basis to sustain an assignment of error on this appeal. *State v. Davis,* 41 Wn. (2d) 535, 250 P. (2d) 548 (1952); *State v. Conklin,* 37 Wn. (2d) 389, 223 P. (2d) 1065 (1950). Further, the court properly instructed the jury as to the limited purpose for which the exhibit could be considered by them.

Assignments of error Nos. 7, 8, and 9 relate to alleged misconduct of the deputy prosecuting attorney in his response to specific charges made by counsel for appellant. The deputy prosecuting attorney was invited to answer the questions which defense counsel demanded be answered. All of the alleged objectionable statements were within the scope of the demands. Appellant cannot predicate error upon statements made within the scope of the invitation. *State v. Taylor,* 47 Wn. (2d) 213, 287 P. (2d) 298 (1955). Further, the court properly instructed the jury relative to the consideration to be given to arguments of attorneys.

Assignment No. 10 alleges as error the court's failure to grant a new trial. The sole ground urged in support of the motion for a new trial was that of alleged misconduct of the deputy prosecuting attorney. The assignment of error based upon this ground is without merit, for the reasons above stated.

The judgment and sentence is affirmed.

HILL, C. J., MALLERY, FINLEY, and WEAVER, JJ., concur.

February 10, 1958. Petition for rehearing denied.