[No. 9287–1–I. Division One. March 1, 1982.]

THE STATE OF WASHINGTON, *Respondent,* v. JOHN FREDERICK ANDERSON, *Appellant.*

*Janice Whitley,* for appellant (appointed counsel for appeal).

*Norm Maleng, Prosecuting Attorney,* and *William L. Downing, Deputy,* for respondent.

DURHAM, A.C.J.—John Frederick Anderson was charged with the first degree murder of Henry Gee during the robbery of the South China Doll Restaurant. Anderson was also charged with first degree robbery in connection with the armed robberies of Casa Lupita, Diamond Lil's Restaurant, the Fireplace Restaurant, the Red Wing Shoe Store, and with the second degree robbery of Goodie's Restaurant. After a 3-week jury trial, Anderson was convicted of all counts.

Prior to and during trial, Anderson moved in limine to exclude evidence of his 1965 convictions for two counts of second degree murder. The motions were made with the expectation that, if Anderson testified, the State would

attempt to impeach his credibility by bringing up the prior convictions. The trial court denied Anderson's motions and, as a result, Anderson chose not to testify.

At the core of Anderson's appeal is the trial court's interpretation of ER 609, "Impeachment by Evidence of Conviction of Crime," section (a), which provides:

> For the purpose of attacking the credibility of a witness, evidence that he has been convicted of a crime shall be admitted if elicited from him or established by public record during cross-examination but only if the crime (1) was punishable by death or imprisonment in excess of 1 year under the law under which he was convicted, and the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the defendant, or (2) involved dishonesty or false statement, regardless of the punishment.

Anderson claims four errors, each based on ER 609: (1) the trial court failed to articulate its reasons for denying the motions in limine; (2) the prior convictions were inadmissible under ER 609(a)(1) because the probative value did not outweigh the prejudicial effect; (3) the prior convictions were inadmissible under ER 609(a)(2) because they did not involve dishonesty or false statement; and (4) the trial court should have allowed only the fact of a felony conviction rather than the nature of the prior crimes. We shall consider these issues in order.

■ In reviewing these questions, we do not second-guess the trial court nor substitute our judgment. Reversal is warranted only where the record reflects a clear abuse of discretion. *State v. Thompson,* 95 Wn.2d 888, 632 P.2d 50 (1981); *State v. Alexis,* 95 Wn.2d 15, 621 P.2d 1269 (1980).

■ Anderson first claims that because the trial court did not set forth specific reasons for denial of the motions in limine, his case should be remanded for reconsideration. We do not agree. In *State v. Thompson, supra,* our Supreme Court held that it is not necessary that a trial court state specific reasons for its ruling if the record reflects a complete and careful evaluation of all relevant factors. Here, the trial court heard lengthy arguments as

reflected in some 26 pages of the trial transcript. The original motion was made prior to trial, with a request to reconsider well into the third week of trial. Anderson's counsel argued both motions at length, discussing virtually every factor mentioned in *State v. Alexis, supra,* and citing several recent federal cases on the subject: *United States v. Cook,* 608 F.2d 1175 (9th Cir. 1979), *cert. denied,* 444 U.S. 1034, 62 L. Ed. 2d 670, 100 S. Ct. 706 (1980); *United States v. Hayes,* 553 F.2d 824 (2d Cir.), *cert. denied,* 434 U.S. 867, 54 L. Ed. 2d 143, 98 S. Ct. 204 (1977); *United States v. Smith,* 551 F.2d 348, 39 A.L.R. Fed. 539 (D.C. Cir. 1976). Anderson's counsel also provided the court with a copy of *United States v. Cook.* The record reflects a thorough and complete consideration of all the relevant factors, and we are satisfied that the case should not be remanded for further consideration or specific findings.

 Anderson next claims that his prior convictions were inadmissible under ER 609(a)(1) because the prejudicial effect outweighed their probative value. Our Supreme Court provided some guidance in resolving this issue in *State v. Alexis, supra* at page 19:

It seems to us, a major factor to be considered in the balancing [of probative value against potential prejudice] is a comparison of the importance that the jury hear the defendant's account of events with the importance that it know of his prior conviction. . . .

Some other factors that may be considered . . . include: (1) the length of the defendant's criminal record; (2) remoteness of the prior conviction; (3) nature of the prior crime; (4) the age and circumstances of the defendant; (5) centrality of the credibility issue; and (6) the impeachment value of the prior crime.

We shall consider these factors in light of the circumstances of this case.[1]

---

[1]We agree with defense counsel that the fourth and fifth factors discussed in *State v. Alexis,* 95 Wn.2d 15, 621 P.2d 1269 (1980) are not relevant to this case. Additionally, we reject without discussion Anderson's argument that his prior murder convictions should have been excluded because they constitute a "short record."

*Remoteness of the prior conviction.*

Anderson claims that his 1965 convictions were impermissibly remote. We do not agree. After the conviction, Anderson was imprisoned for 10 years and paroled only 5 years before the instant offense. ER 609(b) provides that evidence of a conviction is generally inadmissible if a period of more than 10 years has elapsed since the date of the conviction *or of the release of the witness from confinement,* whichever is the later date. We see no reason to stray from the clear language of the rule.

*Nature of the prior crime.*

■ We assume that this factor refers to the similarity of the prior offenses to the charge at trial, raising the possibility that a jury may feel that a man once convicted of a particular crime might be prone to similarly offend again. *See United States v. Hayes, supra.* Nonetheless, we must also assume that had Anderson testified, the trial court would have given the appropriate cautionary instruction limiting consideration of prior convictions only to the defendant's credibility.[2]

Our confidence in a jury's ability to follow a court's instruction is a well established principle of law. *See, e.g., State v. Willis,* 67 Wn.2d 681, 686, 409 P.2d 669 (1966); *State v. Cunningham,* 51 Wn.2d 502, 505, 319 P.2d 847 (1958); *State v. Trickel,* 16 Wn. App. 18, 28, 553 P.2d 139 (1976); *State v. Trevino,* 10 Wn. App. 89, 93, 516 P.2d 779 (1973). There are many situations in which evidence, if admitted as substantive evidence of guilt, would be impermissibly prejudicial. However, such evidence can be admitted for a limited purpose, with an instruction that the evidence is introduced for that limited, specified purpose

---

[2]WPIC 5.05 states:

"Evidence that the defendant has previously been convicted of a crime is not evidence of the defendant's guilt. Such evidence may be considered by you in deciding what weight or credibility should be given to the testimony of the defendant and for no other purpose."

and is not to be considered for any other purpose.[3] For example, ER 404(b) allows the introduction of evidence of other crimes, wrongs, or acts, not to prove conduct in conformity with those prior acts, but for limited purposes such as proof of motive, opportunity, and intent. Furthermore, the silence of a defendant who does not testify, while not substantive evidence, may suggest guilt. However, the jury may be instructed that the defendant's failure to testify may not be considered in arriving at a verdict.[4]

If we are to continue in our belief that a trial by a jury of 12 peers offers the fairest determination of guilt or innocence, then we must credit the jury with the intelligence and conscience to consider evidence of prior convictions only to impeach the credibility of the defendant if it is so instructed. Thus, we must conclude that, had Anderson testified, the jury would have properly heeded the court's instructions.

### Impeachment value of prior crime.

■ Without lengthy discussion, we conclude that Anderson's prior murder convictions were highly probative of his credibility. As pointed out to the court below, the prior murders were committed not in the heat of passion, but in the calculated course of furthering an armed robbery. The first victim was shot and killed when she failed to cooperate with Anderson in the course of a robbery. Later, in the course of escaping from the first murder, Anderson shot and killed one man, and wounded another. Can it be seriously argued that a jury would not find these convictions relevant in assessing Anderson's respect for an oath to

---

[3]WPIC 5.30 states:

"Evidence has been introduced in this case on the subject of _____ for the limited purpose of _____. You must not consider this evidence [for any other purpose] [for the purpose of _____]."

[4]WPIC 6.31 states:

"The fact that the defendant has not testified must not be considered by you in arriving at your verdict."

testify truthfully? We think not. As the court in *State v. Ruzicka,* 89 Wn.2d 217, 570 P.2d 1208 (1977) noted with approval:

> The object of a trial is not solely to surround an accused with legal safeguards but also to discover the truth. What a person is often determines whether he should be believed. When a defendant voluntarily testifies in a criminal case, he asks the jury to accept his word. No sufficient reason appears why the jury should not be informed what sort of person is asking them to take his word. In transactions of everyday life this is probably the first thing that they would wish to know. So it seems to us in a real sense when a defendant goes onto the stand, "he takes his character with him." . . . Lack of trustworthiness may be evinced by his abiding and repeated contempt for laws which he is legally and morally bound to obey, as in the case at bar, though the violations are not concerned solely with crimes involving "dishonesty and false statement."

*State v. Ruzicka, supra* at 226, quoting *State v. Duke,* 100 N.H. 292, 293–94, 123 A.2d 745 (1956).

If Anderson had testified, we believe that the jury would have been entitled to evaluate his testimony in light of his past disregard for the law.

> *Importance that jury hear defendant's testimony compared with importance that it know of his prior conviction.*

Anderson made an offer of proof as to the testimony he would have presented. Basically, he would have directly rebutted the testimony of Larry White, the confessed accomplice in the robberies, who turned State's evidence in return for immunity. Anderson's testimony admittedly would have been important to his defense. However, the prosecutor expressed the concern that Anderson would portray himself as an innocent among thieves and deceive the jury.

In upholding the admission of a prior robbery conviction in a pending robbery trial, the Ninth Circuit stated:

> From earlier colloquy about witnesses, the court had

reason to believe the defendant would take the stand and palm himself off as a peace–loving member of the American Friends Service Committee with interest in prison reform and social protest. In the context of the entire record, it is not surprising that the court was unwilling to let a man with a substantial criminal history misrepresent himself to the jury, with the government forced to sit silently by, looking at a criminal record which, if made known, would give the jury a more comprehensive view of the trustworthiness of the defendant as a witness.

(Citation omitted). *United States v. Cook, supra* at 1187.

Similarly, we believe that the trial court properly refused to exclude Anderson's prior convictions in view of the likelihood that if the prior convictions were excluded, he would be able to misrepresent himself to the jury.

In conclusion, we are satisfied that the trial court acted properly in holding that the probative value of Anderson's prior convictions outweighed their prejudicial effect and were, accordingly, admissible under ER 609(a)(1).

Anderson next argues that evidence of his prior crimes is inadmissible because the crimes did not involve dishonesty or false statement under ER 609(a)(2). We acknowledge, without imprimatur, that there is considerable authority that certain crimes, such as felony–murder and robbery, are not crimes involving deception or dishonesty within the meaning of the rule. *See United States v. Smith, supra; State v. Moore,* 29 Wn. App. 354, 628 P.2d 522 (1981). This curious position is anchored upon a distinction between crimes of violence and crimen falsi; *i.e.,* between crimes of passion as opposed to those of deception. Fortunately, we are not required to enter this wonderland of illogic[5]

---

[5]*See, e.g., United States v. Smith,* 551 F.2d 348 (D.C. Cir. 1976): "As graphically observed by Senator McClellan, robbery is not . . . a crime" involving dishonesty and false statement:

There is no deceit in armed robbery. You take a gun, walk out, and put it in a man's face and say, "Give me your money," or walk up to the counter of the cashier and say, "this is a holdup; give me your money." There is no deceit in that. They are not lying. They mean business. They will murder you if you do not do it.

*Smith,* at 363, quoting 120 Cong. Rec. S19913 (daily ed. Nov. 22, 1974).

because the prior convictions are admissible under ER 609(a)(1).

Finally, Anderson argues that the trial court should have admitted into evidence only the fact of felony convictions, without naming the underlying crimes. Because we hold that the nature of the convictions was admissible under ER 609(a)(1), we need not discuss this issue.[6]

The judgment is affirmed.

SWANSON and WILLIAMS, JJ., concur.

Reconsideration denied March 26, 1982.

Review denied by Supreme Court June 11, 1982.

---

[6]We note, however, that Anderson's reliance upon *State v. Moore,* 29 Wn. App. 354, 628 P.2d 522 (1981) may be misguided. *Moore* cites *State v. Alexis,* 95 Wn.2d 15, 621 P.2d 1269 (1980) for its conclusion that "[t]he availability of other means of testing the accused's credibility is another relevant factor in the balancing process" in discussing the use of unnamed felony convictions. *Moore,* at 365. A close reading of *Alexis,* however, discloses that the "other means" referred to there were the polygraph examination of the defendant and the testimony of an accomplice. There is no reference to the use of unidentified felony convictions in *Alexis.*