[No. 12364–5–I. Division One. December 19, 1983.]

THE STATE OF WASHINGTON, *Respondent,* v. RAY JOHN KIDD, *Appellant.*

504

*Julie Kesler* of *Washington Appellate Defender Association,* for appellant.

*Norm Maleng, Prosecuting Attorney,* and *Ruth Robinson, Deputy,* for respondent.

DURHAM, A.C.J.—Ray John Kidd appeals his conviction of first degree arson. He contends that evidence of a prior offense was improperly admitted and that the trial court erred in denying his request for a mistrial. We affirm.

On May 14, 1982, two officers, Wanner and Stith, saw smoke coming from a holding cell in the King County Jail. They observed Kidd standing in the cell and watching a sheet on fire. Another inmate, Lee, was asleep on a mattress in the same cell. While Stith awoke Lee and removed him from the cell, Kidd crawled under a low shelf. Subsequently, Kidd was removed from the cell. Only Lee and Kidd had access to the area where the fire occurred. A Seattle Fire Department investigator determined that the fire had been ignited by a "hand–held flame." Books of matches were found on the floor of the cell. Kidd denied any knowledge of the fire.

Prior to trial, the State moved to admit evidence of Kidd's prior conviction for reckless burning to show motive, knowledge and intent pursuant to ER 404. The State argued that the prior conviction was relevant because Kidd had also denied knowledge of that fire. Over defense counsel's objection, the trial court admitted the evidence of the prior conviction under *State v. Goebel,* 40 Wn.2d 18, 240 P.2d 251 (1952). The court also admitted the same prior conviction under ER 609, over defendant's objection. The jury later returned a verdict of guilty of first degree arson. Judgment and sentence were entered. Kidd timely appealed.

Kidd first assigns error to the trial court's admission, pursuant to ER 404, of evidence of his prior conviction of reckless burning. The evidence was admitted as relevant to the issue of Kidd's knowledge of the fire in his jail cell. The admissibility of evidence of prior criminal conduct is governed by ER 404(b):

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

The "other purposes" listed in ER 404(b) are not exclusive. The true test for admissibility of unrelated crimes is not only if they fall into any specific exception, but if the evidence is relevant and necessary to prove an essential ingredient of the crime charged. *State v. Tharp,* 96 Wn.2d 591, 596, 637 P.2d 961 (1981); *Goebel,* at 21.

We fail to see how evidence of Kidd's prior crime was relevant to any material issue in this case. Kidd denied that he knew anything about the fire in his cell. In the prior case, Kidd had also denied having any knowledge of the fire.[1] It is true, as the State contends, that Kidd's knowl-

---

[1] In the prior case, Kidd was observed leaving a restroom in an office building just before a fire was discovered in the restroom wastebasket. When approached in the building by an officer Kidd reportedly said, "What is this? I just got here."

edge of the fire in his cell was a material issue. However, we are unable to see how Kidd's claim of ignorance of the first fire makes the fact of his knowledge in this case either more or less probable.[2]

Furthermore, the facts and circumstances of the two incidents involving Kidd were entirely unrelated. In *Goebel,* at 22–23, the court noted points of "marked similarity" in the descriptions of three rapes committed against different women within a 2–month period. Based upon these similarities, the court held that evidence of an earlier offense was admissible as tending to prove the identity of the perpetrator of the crimes charged. *Goebel. See also State v. Irving,* 24 Wn. App. 370, 374, 601 P.2d 954 (1979). In this case, assuming that the identity of the jail cell arsonist was a material issue, there were no marked similarities between the jail fire and Kidd's earlier offense. The only similarity was Kidd's general denial of knowledge in both cases, which is not enough to suggest that the two cases were related.[3] The prior conduct, therefore, lacks probative value in this case, and should have been excluded at trial. As the Supreme Court has stated:

> This court, in common with all others, has held that a defendant must be tried for the offenses charged in the indictment or information, and that to introduce evidence of unrelated crimes is grossly and erroneously

---

In this case, Kidd was questioned about 10 days after the fire in his jail cell. The investigating officer quoted Kidd as saying, "What fire? I don't know about any fire."

[2]Relevant evidence is defined in ER 401 as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."

[3]This court has held that a defendant's claims of accident in each of two previously set fires were admissible in his trial for arson as probative of his state of mind in the third incident. *State v. Maesse,* 29 Wn. App. 642, 629 P.2d 1349 (1981). Although the facts are not fully set forth in *Maesse,* it appears that there were marked similarities between the defendant's earlier and later crimes in that case, so that evidence of the earlier crimes was admissible under ER 404(b). Here, beyond the bare fact that Kidd denied knowledge of both fires, the facts and circumstances of the two incidents were dissimilar.

prejudicial. Such evidence may be entirely lacking in probative value and be no more than a "piece of damning prejudice," in which case the reason and necessity for its exclusion is apparent.

(Citations omitted.) *State v. Goebel,* 36 Wn.2d 367, 368–69, 218 P.2d 300 (1950).

■ Although the trial court erred in admitting the evidence of the prior criminal conduct, we find that the error was harmless. Because the erroneous admission of other crimes by a defendant is not of constitutional magnitude, the standard of proving "harmless error beyond a reasonable doubt" is inapplicable. *State v. Robtoy,* 98 Wn.2d 30, 44, 653 P.2d 284 (1982). Instead, the error is harmless if there is a reasonable probability that the outcome of the trial would not have been materially different had the error not occurred. *Robtoy,* at 44.

In this case, if the evidence of the prior fire had been excluded, there was still strong evidence from which a jury could conclude that Kidd knowingly set the fire in his jail cell. Only Kidd and his cellmate Lee had access to the area where the fire started. The first officers on the scene saw Kidd standing and watching the flames, while Lee was apparently asleep on his bunk. Books of matches were found on the floor of the cell. Based on this evidence, it is reasonably probable that the outcome of the trial would not have been materially different if the error had not occurred.

Kidd next assigns error to the trial court's admission of evidence of his prior conviction under ER 609.[4] He claims that the court failed to balance the probative value of the evidence against its prejudicial effect, and erroneously concluded that the evidence was admissible. We agree.

---

[4] ER 609 states in pertinent part:

"**(a) General Rule.** For the purpose of attacking the credibility of a witness, evidence that he has been convicted of a crime shall be admitted if elicited from him or established by public record during cross examination but only if the crime (1) was punishable by death or imprisonment in excess of 1 year under the law under which he was convicted, and the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the defendant, or (2) involved dishonesty or false statement, regardless of the punishment."

■ The admissibility of a prior felony conviction pursuant to ER 609(a)(1) is a matter for trial court determination which will not be disturbed on appeal absent a clear abuse of discretion. *State v. Anderson,* 31 Wn. App. 352, 354, 641 P.2d 728 (1982). *See State v. Thompson,* 95 Wn.2d 888, 632 P.2d 50 (1981); *State v. Alexis,* 95 Wn.2d 15, 17, 621 P.2d 1269 (1980). Although helpful, it is not mandatory that the trial court state each of the reasons for admitting evidence of prior convictions. *See Thompson,* at 893. Rather, the record must reflect adequate consideration of the relevant factors. *Anderson,* at 354–55; *Thompson,* at 891–93; *Alexis,* at 19.

Unfortunately, the record here is devoid of any suggestion that the trial court considered how the reckless burning conviction was probative of Kidd's credibility. In its oral presentation, the State apparently confused the basis for admitting the prior conviction under ER 609 with that of ER 404, discussed above. The State argued merely that the reckless burning incident was "similar to the jail cell fire." We fail to see how this was probative of Kidd's credibility. Furthermore, the prejudice of introducing a prior factually similar act is apparent. *See State v. Renfro,* 96 Wn.2d 902, 908, 639 P.2d 737, *cert. denied,* 103 S. Ct. 94 (1982). There being no determination that this prejudice was outweighed by any probative value as to Kidd's credibility, we must conclude that the trial court failed to comply with ER 609.

However, we again conclude that the error was harmless. As discussed earlier, the evidence in this case is such that there is no reasonable probability that the error would have affected the outcome of the trial. *State v. Robtoy, supra.*

Finally, Kidd claims that the trial court erred in denying his motion for a mistrial. At trial, the State called a surprise witness, Seattle Fire Department Investigator Owens, who had arrested Kidd for the previous offense. In detailing the circumstances of the previous arrest, Owens recounted a statement made by Kidd concerning his disdain for hospitals, jails and prostitutes. Defense counsel called for a side–

bar conference and objected to the line of questioning on the grounds of irrelevancy and prejudice. She then moved for a mistrial. The court denied the mistrial because defense counsel had not objected when the testimony was given. On appeal, Kidd argues that the failure to hold a pretrial hearing pursuant to CrR 3.5[5] necessitated a declaration of mistrial.

■ CrR 3.5 is a mandatory rule. Before introducing evidence of a statement of the defendant, the court must hold a hearing to determine if the statement was freely given. *State v. Renfro,* 28 Wn. App. 248, 253, 622 P.2d 1295 (1981), *aff'd,* 96 Wn.2d 902, 639 P.2d 737, *cert. denied,* 103 S. Ct. 94 (1982); *State v. McKeown,* 23 Wn. App. 582, 585, 596 P.2d 1100 (1979); *State v. Vandiver,* 21 Wn. App. 269, 272, 584 P.2d 978 (1978). Failure to hold a CrR 3.5 hearing, however, does not render a statement inadmissible when a review of the record discloses that there is no issue concerning its voluntariness. *State v. Harris,* 14 Wn. App. 414, 422, 542 P.2d 122 (1975).

Nothing in this record discloses that Kidd made the statements under duress, coercion or inducement of any kind. The record does not reflect any interrogation whatsoever. Kidd apparently was not advised of his constitutional rights before making the statements to Investigator Owens. However, voluntary, unsolicited statements of an accused made before interrogation are not rendered inadmissible by the absence of previous advisement of constitutional rights. *State v. Eldred,* 76 Wn.2d 443, 448, 457 P.2d 540 (1969).

The decision to declare a mistrial is within the discretion of the trial court and should not be disturbed on appeal absent an abuse. *State v. Jones,* 97 Wn.2d 159, 641 P.2d

---

[5]CrR 3.5 states in pertinent part:

"(a) **Requirement for and Time of Hearing.** When a statement of the accused is to be offered in evidence, the judge at the time of the omnibus hearing shall hold or set the time for a hearing, if not previously held, for the purpose of determining whether the statement is admissible. A court reporter or a court approved electronic recording device shall record the evidence adduced at this hearing."

708 (1982). The record does not support reversal of the trial court.

The judgment is affirmed.

CALLOW and SCHOLFIELD, JJ., concur.